Peter J. WRENN, Plaintiff-Appellant,

v.

AMERICAN CAST IRON PIPE COMPA-
NY, Defendant-Appellee.

No. 77–2627
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 21, 1978.

Rehearing and Rehearing En Banc
Denied Aug. 9, 1978.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Peter J. Wrenn, pro se.

Everett Vann Eberhardt, Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Jr., Assoc. Gen. Counsel, Lutz Alexander Prager, Attys., E. E. O. C., Washington, D. C., for amicus curiae.

J. R. Forman, Jr., Guy V. Martin, Jr., Birmingham, Ala., for defendant-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

RONEY, Circuit Judge:

After denying appointment of counsel, the district court granted summary judgment in this Title VII action because the plaintiff, proceeding *pro se,* failed to pay a filing fee within a time ordered by the court. Because the court's judgment rested on a mistaken view of the requirements of Title VII pleading, we hold its use of that drastic sanction to be an abuse of discretion, and reverse.

The plaintiff, Peter J. Wrenn, is the former head of the all-black "Auxiliary Board" for the defendant American Cast Iron Pipe Company. He was discharged, and a prior order of this Court directed his reinstatement. *Pettway v. American Cast Iron Pipe Co.,* 411 F.2d 998 (5th Cir. 1969). He resumed work, but later became disabled and he retired. He filed a new charge against the defendant with the Equal Employment Opportunity Commission. The Commission found reasonable cause to believe the charge was true, but declined to bring the case itself. It issued him a right-to-sue letter which he received on December 18, 1975.

The statute says "within ninety days after the giving of such notice a civil action may be brought." 42 U.S.C.A. § 2000e–5(f)(1). The district court may, in its discretion, appoint counsel for the complainant and waive payment of fees and costs. On December 22, 1975 Wrenn presented his right-to-sue letter to the district court clerk with an oral request for appointment of counsel. On the same day, the court denied his request, noting that no funds were available for such an appointment. On March 10, the 83rd day after he received notice, Wrenn wrote the judge, enclosed the right-to-sue letter, stated his inability to obtain counsel, and indicated his intent to represent himself. On March 15, the court directed that the correspondence be "filed with the Clerk of this court for recordkeeping purposes as a complaint initiating an action" and indicating the case would be assigned to a judge. The court's order further instructed Wrenn to pay "the appropriate filing fee" within 30 days and to submit a "pleading" indicating jurisdiction, a statement of his claim, and a demand for a judgment for relief. The order expressly stated that failure to comply would lead to dismissal of the action. The court instructed the clerk to mail Wrenn a copy of 28 U.S.C.A. § 1915, the *in forma pauperis* statute, and Federal Rules of Civil Procedure 8, 9, 10, and 11.

Wrenn responded on April 4. His letter outlined his employment history, alleged he was denied a promotion because of his race, requested backpay for the amount he would have earned if promoted, cited by docket number earlier litigation in which he had been involved, and asked to be told the appropriate docket fee. On April 12, a law clerk for the judge to whom the case had been assigned responded by mail, telling Wrenn that he must file a "complaint" indicating jurisdiction in order to comply with the March 15 decree and informing him that the fee was $15.00 plus service costs. On April 23, 39 days after the March 15 order, Wrenn paid the fee and filed a document entitled "Complaint" which asserted a basis for jurisdiction.

American Cast Iron Pipe Company moved for summary judgment on the ground, *inter alia,* that Wrenn had failed to comply with the court's March 15 order. The court, classifying that decision as an "extraordinary concession" because it treated Wrenn's correspondence as tolling the statute, dismissed the action because the filing fee was paid nine days late, commenting that "timely filing is jurisdictional to any court's entertaining this cause." The court declined to consider whether Wrenn's April 4 letter satisfied the pleading requirements of the March 15 order.

■ This Court has indicated that a dismissal under Fed.R.Civ.P. 41(b) for failure to comply with an order of the district court is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *Compare Boazman v. Economics Laboratory, Inc.,* 537 F.2d 210, 212 (5th Cir. 1976) (dismissal inappropriate although plaintiff did not comply with order to respond within 10 days to motion to dismiss); *Council of Federated Organizations v. Mize,* 339 F.2d 898 (5th Cir. 1964) (dismissal inappropriate although plaintiffs did not comply with order to appear in court personally), *with Hyler v. Reynolds Metal Co.,* 434 F.2d 1064 (5th Cir. 1970), *cert. denied,* 403 U.S. 912, 91 S.Ct. 2219, 29 L.Ed.2d 689 (1971) (dismissal justified when counsel failed to amend complaint over nine-month period and failed to appear at pretrial hearing). *See generally* Annot. 15 A.L.R.F. 407.

This record does not reflect contumacious conduct by Wrenn. The district court's unarticulated judgment to the contrary may have been influenced by a misapprehension of the law concerning Title VII pleading.

First, although it has not been challenged on appeal and will not be reversed here, we note that the trial court's summary rejection of Wrenn's request for counsel, without hearing and without consideration of the merit of his claim or his ability to find private counsel, raises serious questions under the standards subsequently announced in *Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305 (5th Cir. 1977). In this context, the command of *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), that the pleadings of *pro se* litigants be accorded a charitable reading, takes on a heightened significance.

■ Second, the court erred in classifying the March 15 order as an "extraordinary concession" to Wrenn. Admittedly the limitation period is mandatory, and plaintiffs who do nothing to call their case to the attention of the district court before the period runs will suffer dismissal. *Genovese v. Shell Oil Co.,* 488 F.2d 84 (5th Cir. 1973); *Goodman v. City Products Corp.,* 425 F.2d 702 (6th Cir. 1970); *Stebbins v. Nationwide Mutual Insurance Co.,* 469 F.2d 268 (4th Cir. 1972), *cert. denied,* 410 U.S. 939, 93 S.Ct. 1403, 35 L.Ed.2d 606 (1973). Significant authority holds, however, that, in the special context of Title VII, the statutory requirement that an action be "brought" within the time period is satisfied by presenting a right-to-sue letter to the court and requesting the appointment of counsel. *Huston v. General Motors Corp.,* 477 F.2d 1003 (8th Cir. 1973); *Pace v. Super Valu Stores, Inc.,* 55 F.R.D. 187 (S.D.Iowa 1972); *McQueen v. E.M.C. Plastic Co.,* 302 F.Supp. 881 (E.D.Tex. 1969); *Austin v. Reynolds Metals Co.,* 327 F.Supp. 1145, 1147–1151 (E.D.Va.1970); *see* Annot. 4 A.L.R.F. 833 at § 12[c], [d]. The court may then, as it did here, specify an extended time for the more exact requirements of pleading.

■ Because Fed.R.Civ.P. 3 requires the filing of a complaint to commence an action, this interpretation of the language of Title VII is admittedly generous. Strong remedial policies, however, influence interpretation of that statute. The generous is not "extraordinary." *See, e. g., Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Procedural technicalities are not to bar claims. *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 460–461 (5th Cir. 1970). One consequence of the statutory scheme for appointed counsel is that the duty to meet tolling requirements frequently falls on laymen unlettered in the law. A resolution of

doubtful procedural questions in their favor promotes the purposes of the Act, and causes little actual prejudice to defendants, who received notice of the charges when the plaintiff's grievance was first taken to the Commission, 42 U.S.C.A. § 2000e–5(e). *See Love v. Pullman Co.,* 404 U.S. 522, 527, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972).

It is true that, literally applied, the rules announced in *Harris v. Walgreen's Distribution Center,* 456 F.2d 588, 592 (6th Cir. 1972), and *Harris v. National Tea Co.,* 454 F.2d 307 (7th Cir. 1971), might produce a different result here. Those cases would allow a request for counsel to toll the running of the limitations period only until the request is granted or denied. Here, the request was denied on the same day it was made, so no tolling would have taken place. In neither of those cases, however, did the plaintiff attempt to proceed *pro se* or file any papers with the court indicating the plaintiff thought the action had been brought. *See Pace v. Super Valu Stores, Inc.,* 55 F.R.D. 187 (S.D.Iowa 1972).

Third, the district court mistakenly assumed that timely payment of a filing fee is a jurisdictional requisite. The Supreme Court has held, with respect to 28 U.S.C.A. § 1917, that untimely payment of a filing fee does not vitiate the validity of a notice of appeal. *Parissi v. Telechron, Inc.,* 349 U.S. 46, 75 S.Ct. 92, 99 L.Ed. 46 (1955) (per curiam). We perceive no distinction between § 1917 and § 1914, which requires a filing fee for complaints, that would lead to a different conclusion here. *See Bolduc v. United States,* 189 F.Supp. 640 (D.Maine 1960). The case relied on by the defendant, *Turkett v. United States,* 76 F.Supp. 769 (N.D.N.Y.1948), predates *Parissi.*

The net effect was an overestimation of the gravity of Wrenn's failure to pay the filing fee within the time ordered by the court. Burdened by an uncharitable treatment of his request for counsel, entitled to the aid of the court in perfecting his pleading, and committing no jurisdictional error

in late payment of a fee the amount of which was previously unknown to him, he cannot be said to have acted in a contumacious fashion. His conduct of this case is certainly not a model of diligence, but none of his defaults were so severe or deliberate as to justify the drastic sanction of dismissal.

REVERSED.