Carey P. DeDeyn, Atlanta, Ga., Clarence M. Small, Jr., Birmingham, Ala., for defendants.

**Charles William POTTS, Plaintiff,**

v.

**SOUTHERN RAILWAY COMPANY, et al., Defendants.**

**Civ. A. No. C81–1171A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 6, 1981.

## ORDER

SHOOB, District Judge.

This Title VII case is before the Court on defendants' motions to dismiss plaintiff's complaint for his failure to commence this action within ninety days after receipt by plaintiff of a notice of right to sue letter from the Equal Employment Opportunity Commission (EEOC), as required by 42 U.S.C. § 2000e–5(f)(1).

Plaintiff was formerly employed by defendant Southern Railway Company (Southern). On June 27, 1980, plaintiff received a right-to-sue letter from the EEOC advising him that his charge had been dismissed because no reasonable cause was found to believe that his allegations of dis-

crimination were true. The right-to-sue letter was in standard form and clearly advised plaintiff that he was required to bring suit against the respondents within ninety days or his right to do so would be lost.

On or about August 13, 1980, plaintiff apparently brought his right-to-sue letter to the civil filing desk in the Office of the Clerk of this Court. The letter, however, was not filed with the Court nor does it appear that any official record or docket entry was made with respect to the presentation of that document. Instead, the letter was simply stamped as having been "received" on that date. The Court files contain no further information concerning contacts or correspondence from plaintiff after August 13, 1980.

On June 18, 1981, almost a year after his receipt of the right-to-sue letter from the EEOC and slightly more than ten months following the presentation of that letter to the civil filing desk, plaintiff filed a handwritten *pro se* complaint against Southern and the Brotherhood of Railroad Signalmen Local 49, alleging violations of Title VII in connection with the termination of his employment. The right-to-sue letter, bearing a date stamp of August 13, 1980, was attached to the handwritten complaint.

The time within which civil actions under Title VII must be commenced following the disposition of discrimination charges by the EEOC is set forth in Section 706(f)(1) of Title VII 42 U.S.C. § 2000e–5(f)(1) as follows:

> "If a charge filed with the Commission pursuant to subsection (b) ... is dismissed by the Commission ... the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved ..."

In *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544 (5th Cir. 1978) the Fifth Circuit held that

> in the special context of Title VII, the statutory requirement that an action be

"brought" within the time period is satisfied by presenting a right-to-sue letter to the court and requesting the appointment of counsel.

*Id.* at 546. In *Wrenn*, the court reversed the district court's dismissal of plaintiff's complaint for his failure to file the complaint within ninety days. There, plaintiff within the ninety days statutory period presented his right-to-sue letter to the district court clerk with an oral request for appointment of counsel, which was denied on the same day. Also within the statutory period, plaintiff wrote the district judge, enclosed his right-to-sue letter, stated his inability to obtain counsel, and indicated his intent to represent himself. The cases relied on by the court in *Wrenn* similarly involved plaintiffs who had acted with a high degree of diligence in pursuing their case. *See e. g., Huston v. General Motors Corp.*, 477 F.2d 1003 (8th Cir. 1973); *Pace v. Super Value Stores, Inc.*, 55 F.R.D. 187 (S.D.Ia.1972).

In the case at bar, plaintiff's conduct differs substantially from that of the plaintiffs in the above mentioned cases. After bringing his right-to-sue letter to this Court, plaintiff did nothing further for almost a year. The record does not contain one piece of correspondence from plaintiff to explain his lengthy inaction; nor does it contain a request for the appointment of counsel. Given this factual setting, the Court finds that plaintiff's complaint should be dismissed with prejudice.

The complaint should be dismissed for an additional reason. The defendants' motions to dismiss were filed on July 21, 1981 and September 4, 1981. To this date plaintiff has failed to respond to either motion, or in any way attempt to justify the delay in filing the complaint. This Court requires that a party opposing a motion file a response in ten days. Failure to file a response "shall indicate that there is no opposition to the motion". Local Court Rule 91.2.

In summary, the Court ORDERS that plaintiff's complaint be DISMISSED with prejudice. Accordingly, defendants' mo-

tions to dismiss plaintiff's complaint are hereby GRANTED.