Gregory NEAL, Will B. Roberts, Individually and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

IAM LOCAL LODGE 2386, The International Association of Machinists and Aerospace Workers, A.F. of L.C.I.O., et al., Defendants-Appellees.

No. 82–4418
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 12, 1984.

Gregory E. Neal, pro se.

Will B. Roberts, pro se.

Jones, Maples & Lomax, Ransom P. Jones, III, Pascagoula, Miss., for defendants-appellees.

Before REAVLEY, RANDALL and WILLIAMS, Circuit Judges.

REAVLEY, Circuit Judge:

This is an action brought by appellants Gregory E. Neal and Will B. Roberts under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17 (1976). The district court dismissed their claims with prejudice on separate procedural grounds. We reverse.

## I. Facts

Appellant Neal was discharged by his employer on February 14, 1980. He filed several grievances with his union, The International Association of Machinists and Aerospace Workers, AFL–CIO, Local Lodge No. 2386 (the Union), the last of which was filed on about October 25, 1980. Finding no relief, Neal filed a charge against the Union with the Equal Employment Opportunity Commission (EEOC) on February 10, 1981. The EEOC reached its determination and issued Neal his notice of right to sue on June 19, 1981. On September 18, 1981, Neal filed with the district court clerk his original notice of right to sue and copies of his EEOC charge and of the EEOC's determination in his case. He also filed a financial affidavit and a letter to the clerk stating that he was seeking appointment of counsel.

Several months later, on December 2, 1981, the magistrate issued an opinion finding that Neal was not entitled to appoint-

ment of counsel and giving him thirty days in which to file a complaint and pay the appropriate filing fee. Neal filed objections to the magistrate's decision on January 4, 1982. He provided new financial information, listed the lawyers whom he had tried to retain, and disputed the denial of appointed counsel. The magistrate responded on January 15, 1982 by confirming his original decision and giving Neal another thirty days in which to file his complaint and pay the appropriate filing fees.

Neal filed a two-count complaint on February 11, 1982; service was accomplished, and the several named defendants answered jointly on March 9, 1982. The record does not reveal whether plaintiff paid the appropriate fee at the time he filed his complaint. On March 5, 1982, however, Neal apparently filed a second financial affidavit and an explanatory attachment. No motion accompanied these documents, but the magistrate apparently took them to represent another attempt to proceed without payment of fees and to obtain appointment of counsel. On May 17, 1982, the magistrate denied the request, so construed, and gave Neal yet another thirty days "to properly institute suit" by filing a complaint and paying the appropriate filing fee. Neal filed a pleading June 11, 1982 informing the court that he had filed a complaint on February 11, 1982, that he had paid the appropriate fee at that time, and that the second affidavit was filed only to show his changed financial circumstance in an effort to persuade the court to appoint counsel.

Appellant Roberts was discharged on May 11, 1981. Like Neal, Roberts filed a grievance with the Union, but to no avail. On August 18, 1981, Roberts filed a charge against the Union with the EEOC. The record does not reveal the eventual disposition of this charge. In any event, Roberts joined with Neal in the complaint filed February 11, 1982. The complaint alleged that Roberts had filed a charge with the EEOC but had "not yet received notice of [its] determination."

The defendants moved to dismiss the complaint, and the district court dismissed the claims of both plaintiffs with prejudice on September 16, 1982. The court held that Neal failed to file suit within ninety days of the day he received notice of right to sue since he failed to commence the action by filing a complaint within that time. Roberts, on the other hand, had filed too early, before receiving his notice of right to sue from the EEOC. Both plaintiffs appeal.

## II. *Gregory E. Neal*

This court has approved the view that "in the special context of Title VII, the statutory requirement that an action be 'brought' within the time period is satisfied by presenting a right-to-sue letter to the court and requesting appointment of counsel." *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir.1978); *accord Wingfield v. Goodwill Industries*, 666 F.2d 1177, 1179 n. 3 (8th Cir.1981). *Wrenn* expressly rejected a strict application of Rule 3, Fed.R.Civ.P., because Title VII's procedure for appointment of counsel visits the responsibility of commencing a Title VII action on "laymen unlettered in the law." 575 F.2d at 546. We also held in *Wrenn* that timely payment of a filing fee is not a jurisdictional requisite. *Id.* at 547. Accordingly, Neal commenced his action within the statutory time by filing with the district court a copy of his notice of right to sue and a request for appointment of counsel. Thereafter, the magistrate granted him several extensions of time in which to file a formal complaint and pay the filing fee. Although Neal missed one of these deadlines by a few days, his prosecution of this case did not even approach the "clear record of delay or contumacious conduct" necessary to support dismissal under Rule 41(b), Fed.R.Civ.P. *Wrenn*, 575 F.2d at 546; *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210 (5th Cir.1976).

## III. *Will B. Roberts*

Appellant Roberts' procedurally fatal error was in filing his claim too early, before receiving his right-to-sue letter from the EEOC. "[R]eceipt of statutory notice of the right to sue is not a jurisdictional

prerequisite, which if not satisfied deprives courts of subject matter jurisdiction; rather, the receipt of a right-to-sue letter is a condition precedent, which on proper occasion may be equitably modified." *Pinkard v. Pullman-Standard,* 678 F.2d 1211, 1215–19 (5th Cir.) (per curiam) (Unit B), *cert. denied,* —— U.S. ——, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983); *McKee v. McDonnell Douglas Technical Services Co.,* 705 F.2d 776 (5th Cir.1983) (on rehearing). *See Zipes v. Trans World Airlines,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). The EEOC's statutory 180 days apparently expired in Roberts' case only three days after he joined in the February 11, 1981 complaint. We cannot determine whether the EEOC has yet processed Roberts' claim and issued a right-to-sue letter. If it has, then Roberts may proceed in this action, *Pinkard,* 678 F.2d at 1219; if not, he may demand that the EEOC issue the letter and then he may proceed in this action. 29 C.F.R. § 1601.28 (1983).

## IV. *Failure to Appoint Counsel*

■ Title VII authorizes district courts, upon application and "in such circumstances as the court may deem just," to appoint counsel to represent Title VII plaintiffs and to authorize commencement of the action without payment of fees. 42 U.S.C. § 2000e–5(f)(1) (1976). In *Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305 (5th Cir.1977), we suggested several factors relevant to determining whether to appoint counsel. They included the probable success of the Title VII claim, the efforts taken by plaintiffs to retain counsel, and plaintiffs' financial ability. *Id.* at 1309–10.

Upon review of the record, including appellant Neal's financial affidavits, we could not say that the magistrate abused his discretion in denying Neal's original application for appointment of counsel. The first affidavit reflected a monthly income of $1435.20, a savings account of "about $2000," and no effort on Neal's part to retain an attorney. By the time he filed the second affidavit, however, Neal was in far worse economic straits. He had lost his job and therefore his monthly income, his monthly bills of $432 remained, and his savings were depleted. He had also listed in his objections to the magistrate's first decision his many unsuccessful attempts to hire a lawyer. Two of the three *Caston* factors therefore pointed toward appointment of counsel.

The major claim asserted in this complaint is that the Union discriminated against black members in matters of representation, including the processing of grievances. 42 U.S.C. § 2000e–2(c) (1976). The EEOC found no reasonable cause to believe that the allegation of discrimination was true. In denying Neal's request for counsel the first time, the magistrate considered the EEOC's determination to "weigh heavily in the scales against" appointment of counsel. We recognized in *Caston* that the EEOC's determination is not to be ignored in deciding whether to appoint counsel. 556 F.2d at 1309. We also held, however, that it was not to be given preclusive effect. "[A] finding that the EEOC determination is supported by substantial evidence in the investigative file and that plaintiff's objections thereto are patently frivolous would weigh heavily in the scales against appointing an attorney." *Id.* The magistrate in this case did nothing more than review the allegations in the complaint. In light of our disposition of the appeal on the merits, we vacate the magistrate's order denying appointment of counsel and instruct a reconsideration of the application in light of current circumstances.

The judgment of the district court is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.