**Marie ANTOINE, Plaintiff-Appellant,**

v.

**UNITED STATES POSTAL SERVICE, et al., Defendants-Appellees.**

No. 85–3120.

United States Court of Appeals, Fifth Circuit.

Jan. 28, 1986.

David E. Stanley, Baton Rouge, La., for plaintiff-appellant.

Stanford O. Bardwell, Jr., U.S. Atty., Merrick J. Norman, Jr., Asst. U.S. Atty., Baton Rouge, La., James A. Friedman, Office of Labor Law, Washington, D.C., for defendants-appellees.

Before GEE and JOHNSON, Circuit Judges, and FISHER *, District Judge.

JOHNSON, Circuit Judge:

Marie Antoine appeals from the district court's dismissal of her civil action, filed pursuant to 42 U.S.C. § 2000e–16(c), alleging that the United States Postal Service discriminated against her on the basis of her sex and race. The district court dismissed Antoine's action on the ground that it had not been timely filed within the requisite thirty day statutory period applicable to federal sector employment discrimination cases. 42 U.S.C. § 2000e–16(c). The district court, relying on *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam), determined that the filing of Antoine's right-to-sue notice coupled with a request for appointment of counsel did not "commence" the action for purposes of Fed.R.Civ.P. 3 and 8(a). This court affirms.

## I. FACTS AND PROCEDURAL HISTORY

Marie Antoine began working for the United States Postal Service (Postal Service) as a letter carrier in the Baton Rouge, Louisiana, Post Office in January of 1981. Antoine's employment was terminated on February 27, 1981, during Antoine's ninety day probationary period, allegedly for failure to satisfactorily meet the requirements

* District Judge of the Eastern District of Texas, sitting by designation.

of the position. Contrary to the Postal Service's articulated reasons for termination, Antoine believed that she was the victim of sex and race discrimination in violation of the provisions of Title VII applicable to federal employees. 42 U.S.C. § 2000e–16(a)–(e).

Pursuant to the procedures set forth in the federal regulations, 29 C.F.R. § 1613 (1985), Antoine pursued her claim through the appropriate administrative steps. The details of the administrative process are not germane to the issues presented in this appeal. Antoine's appeal from the final Postal Service determination of no discrimination was denied by the Equal Employment Opportunity Commission (EEOC) on August 6, 1982, after the EEOC determined that the appeal was untimely filed. Pursuant to 29 C.F.R. § 1613.282,[1] the EEOC notified Antoine that she had the right to file a civil action in federal district court within thirty days of her receipt of the EEOC's decision of August 6, 1982.[2] The EEOC letter also informed Antoine that she could request the district court to appoint counsel to represent her.[3]

On August 26, 1982, Antoine filed the following documents with the district court: (1) a "Financial Affidavit in Support of Request for Attorney, Expert or other Court Services Without Payment of Fee," (2) the EEOC letter denying Antoine's appeal which also informed her of her right to file a civil action (her "right-to-sue notice"), (3) a copy of the Postal Service investigation form and an accompanying letter to Antoine, dated August 19, 1981, and (4) the final agency decision issued by the Postal Service, dated November 19, 1981. The district court granted Antoine's request for appointment of counsel on August 31, 1982. The district court also granted Antoine's request to proceed *in forma pauperis.* Antoine's appointed counsel then filed a formal complaint on October 27, 1982. At the time counsel was appointed, approximately one week of the thirty day period remained. The formal complaint in this case was not filed, however, until approximately fifty-one days after counsel was appointed.

The Postal Service moved to dismiss the case on the ground, among others, that the complaint was not timely filed within the statutory thirty day period. In its initial ruling, the district court held, in accordance with then-existing Fifth Circuit precedent, that the action had been "brought" for purposes of the thirty day period on the date that the right-to sue letter and the

---

1. 29 C.F.R. § 1613.282 (1985) provides:
   An agency shall notify an employee or applicant of his right to file a civil action, and of the 30-day time limit for filing, in any final action on a complaint under §§ 1613.215, 1613.217, 1613.220, or § 1613.221. The Commission shall notify an employee or applicant of his right to file a civil action, and of the 30-day time limit for filing, in any decision under § 1613.234.
   42 U.S.C. § 2000e–16(c) provides for the 30 day filing deadline:
   Within thirty days of receipt of notice of final action taken by ... the Equal Employment Opportunity Commission upon an appeal from a decision or order of [an] ... agency ... on a complaint of discrimination ..., an employee ..., if aggrieved by the final disposition of his complaint, ... may file a civil action as provided in section 2000e–5 of this title, ....

2. The letter sent to Antoine by the EEOC provided:
   NOTICE OF RIGHT TO FILE A CIVIL ACTION
   Pursuant to 29 C.F.R. Section 1613.282, the appellant is hereby notified that this decision is final and that appellant has the right to file a civil action in the appropriate United States District Court within thirty (30) days of the date of receipt of this decision.
   Record Vol. 1 at 4.

3. The letter stated:
   APPOINTMENT OF COUNSEL
   If you choose to file a civil action, and you do not have or are unable to obtain the services of a lawyer, you may request the court to appoint a lawyer to represent you. In such circumstances as the court may deem just, the court may appoint a lawyer for you and may authorize the commencement of the action without the payment of fees, costs or security. Any such request must be made within the above referenced 30 day time limit and in such form and manner as the court may require.
   Record Vol. 1 at 4.

request for appointment of counsel were filed. *See Neal v. IAM Local Lodge 2386,* 722 F.2d 247 (5th Cir.1984); *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544 (5th Cir.1978). Consequently, pursuant to Fed.R.Civ.P. 15(c), the formal complaint related back to the August 26, 1982, filing date.

The Postal Service filed a motion to reconsider in light of the recently decided Supreme Court decision in *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam). In *Brown,* the Supreme Court addressed the issue of "whether the filing of a right-to-sue letter with the District Court constitutes the commencement of an action[,]" 104 S.Ct. at 1725 n. 4, for purposes of the ninety day civil action filing period applicable to a private sector Title VII action. The Supreme Court determined that it did not.[4]

In *Brown,* the Supreme Court held that an action is "brought" for purposes of 42 U.S.C. § 2000e–5(f)(1) (the ninety day filing requirement for private sector discrimination cases) when an action is "commenced" in accordance with the Federal Rules of Civil Procedure. "Rule 3 of the Federal Rules of Civil Procedure states that '[a] civil action is commenced by filing a complaint with the court.' A complaint must contain, *inter alia,* 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed.Rule Civ.Proc. 8(a)(2)." *Brown,* 104 S.Ct. at 1724–25. The Supreme Court then held that the right-to-sue letter filed in *Brown* did not meet the requirements of Rules 3 and 8(a)(2) on the basis of the district court's finding that "there was no statement in the [right-to-sue] letter of the factual basis for the claim of discrimination, which is required by … Rule [8]" *Id.* at 1724.

The district court in the instant case determined that the holding of *Brown* applied

as well to a federal sector employment discrimination case. Following *Brown,* the district court determined that Antoine's filing of the right-to-sue letter and a request for counsel did not meet the requirements of Rules 3 and 8(a)(2). The district court further determined that no equitable considerations existed to justify tolling of the thirty day period. Accordingly, the district court concluded that Antoine's action was not commenced until the filing of the formal complaint in October, which was filed well after the expiration of the thirty day filing limit. The district court, therefore, dismissed the complaint as untimely filed. Antoine appeals.

Antoine asserts four arguments on appeal. First, she argues that *Brown* should not be applied retroactively to her case. Second, Antoine urges that the instant case is distinguishable from *Brown* on its facts. Third, Antoine asserts that the papers she filed on August 26, 1982, do indeed meet the requirements of Fed.R.Civ.P. 3 and 8(a)(2). Finally, Antoine contends that grounds exist in this case to justify equitable tolling of the thirty day period. This Court concludes that the district court properly resolved the issues presented in this case. Consequently, the judgment of the district court is affirmed.

## II.  DISCUSSION

Antoine contends on appeal that the decision in *Brown* should not be applied retroactively to her case because at the time her filings were made in August of 1982, then-existing Fifth Circuit precedent established that the action was timely brought for purposes of the thirty day filing deadline. Antoine's retroactivity argument comes too late, however, because this Court recently applied the decision in *Brown* to time bar a claim in a situation in which the filings were made prior to the decision in *Brown*

4. The plaintiff in *Brown* also filed a request for appointment of counsel. That request, however, was not filed on the proper form as required by that district. The magistrate to whom the case had been assigned denied Brown's request for counsel because Brown failed to time-

ly comply with the magistrate's orders to use the appropriate motion form and questionnaire. The magistrate, however, referred to the district judge the question of whether Brown's filings had timely commenced the action. 104 S.Ct. at 1724.

and under the same Fifth Circuit precedent on which Antoine relies.

In *Firle v. Mississippi State Department of Education,* 762 F.2d 487 (5th Cir. 1985), this Court stated:

> Firle correctly points out that under generically identical facts we have previously held that a Title VII claimant's timely filing of the right-to-sue notice and request for appointment of counsel is sufficient compliance with the statutory requirement that the action be commenced within 90 days. *Wrenn v. American Cast Iron Pipe Company,* 575 F.2d 544 (5th Cir.1978); *see also, Neal v. IAM Local Lodge 2386,* 722 F.2d 247 (5th Cir.1984) (three months prior to *Brown*). *We must regard these decisions as overruled by the Court in Brown,* as did the Eleventh Circuit (bound by the pre-Eleventh Fifth Circuit *Wrenn* precedent) in *Judkins v. Beech Aircraft Corporation,* 745 F.2d 1330 (11th Cir.1984) (on rehearing) (initial opinion had followed *Wrenn*).

762 F.2d at 489 (emphasis added).

In *Firle,* the plaintiff filed his right-to-sue notice with the district court on March 7, 1983, some forty days after receipt of the right-to-sue notice and well within the ninety day filing period for private sector complaints. On that same date, the plaintiff filed a financial affidavit and request for appointment of counsel. Counsel was appointed on May 3, 1983, and an "amended complaint" was filed on December 21, 1983, approximately seven and one-half months after expiration of the ninety day filing period. 762 F.2d at 488. *Brown* was decided on April 16, 1984, some time after the filing of the right-to-sue notice and request for appointment of counsel in *Firle,* but before the decision by the district court in that case. Just as in the instant case, the decision in *Brown* intervened.

■ This Court upheld the district court's application of the *Brown* decision in *Firle,* which was clearly a retroactive application of *Brown.* Thus, although the *Firle* court did not specifically address the arguments asserted here against retroactive application of the *Brown* decision, it applied the decision retroactively. We conclude that *Firle* is dispositive of the instant appeal.[5]

Antoine next asserts that the facts in the instant case are sufficiently different from the facts in *Brown,* and therefore, that *Brown* does not govern this case. This Court Disagrees. Antoine attempts to dis-

---

**5.** This Court notes that even if this Court were to decide the retroactivity issue in the first instance, this Court would conclude that the decision applies retroactively. First, the general rule is that an appellate court applies the law in effect at the time it renders its decision. *Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 486 n. 16, 101 S.Ct. 2870, 2879 n. 16, 69 L.Ed.2d 784 (1981). Second, *Brown* itself was applied retroactively.

Nevertheless, in certain instances, a case will not be applied retroactively. In *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the Supreme Court set forth three factors to consider in determining whether a civil statute of limitations applies retroactively. First, this Court must decide whether the decision establishes "a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed." 404 U.S. at 106, 92 S.Ct. at 355 (citations omitted). Second, this Court must determine whether retroactive operation will further or retard the operation of the decision in question in light of its prior history, purpose and effect. 404 U.S. at 106–07, 92 S.Ct. at 355. Finally, this Court must weigh "the inequity imposed by retroactive application...." 404 U.S. at 107, 92 S.Ct. at 355. *See Edwards v. Sea-Land Service, Inc.,* 720 F.2d 857, 860 (5th Cir.1983).

Applying these factors to the instant case, the first factor arguably weighs against retroactive application of the *Brown* decision, particularly in the Fifth Circuit. Nevertheless, the other factors weigh in favor of retroactive application, particularly the second factor. This Court has previously noted that the first factor is not to be the most determinative factor in the retroactivity decision:

> [I]n deciding whether civil rules should be applied retroactively we think that the purpose of the rule should be given greater weight than the extent to which the parties relied on the law that existed before that rule was announced.

*Sea-Land Service, Inc.,* 720 F.2d at 862 (citations and quotations omitted).

tinguish the instant case on the ground that in *Brown,* the plaintiff filed a right-to-sue letter and a request for counsel. However, the request for counsel was not properly filed because it was not in the form required by the rules of that district. The magistrate in that case ordered the plaintiff to file her request for counsel in the proper manner, and the plaintiff failed to file the proper form until after the expiration of the ninety day filing period. Thus, Antoine contends that *Brown* stands solely for the proposition that a right-to-sue letter standing alone does not satisfy the filing requirement.

█ While it is true that the magistrate in the *Brown* case indicated that the request for counsel was not properly filed, it is also true that the central thrust of the Supreme Court's decision in *Brown* is that the filings, whatever their composition, must meet the requirements of Rules 3 and 8 of the Federal Rules of Civil Procedure. Thus, unless the request for appointment of counsel contains a "short and plain statement" of the basis for relief, as required by Rule 8(a)(2), it adds nothing to the right-to-sue notice.

█ This brings this Court to the next contention advanced by Antoine; that is, that her filings do indeed meet the requirements of Rule 8. Rule 8(a) provides:

*Claims for Relief.* A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) *a short and plain statement of the claim showing that the pleader is entitled to relief,* and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

Fed.R.Civ.P. 8(a) (emphasis added).

This Court has carefully reviewed all of the documents filed in this case prior to the expiration of the thirty day filing period. None of the documents contain a short and plain statement of the claim showing that the pleader is entitled to relief. The closest possible statement is that contained in the Postal Service investigation form, which states:

*Allegation:* Employment terminated during probationary period because of race and sex.

*Issue:* Was [sic] the complainant's race and sex determining factors in management's decision to terminate the Complainant?

Record Vol. 1 at 6. This summary by the Postal Service, filed along with the other documents submitted by Antoine, contains none of the facts upon which Antoine's allegations are based. *See Brown,* 104 S.Ct. at 1724. Consequently, we are compelled to hold that the documents fail to meet the requirements of Rule 8(a). This result is apparent when the filings in this case are compared with the factual allegations in the EEOC charge filed in the district court in *Judkins v. Beech Aircraft Corp.,* 745 F.2d 1330, 1332 (11th Cir.1984) (on rehearing), or the factual allegations contained in the request for appointment of counsel in *Robinson v. City of Fairfield,* 750 F.2d 1507, 1511 & n. 5 (11th Cir.1985).

Antoine also makes several contentions concerning the fact that she filed a successful motion for appointment of counsel. In *Brown,* the Supreme Court stated, "[t]his is not a case ... where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon...." 104 S.Ct. at 1725 (citing *Harris v. Walgreen's Distribution Center,* 456 F.2d 588 (6th Cir. 1972)). In response to this statement by the Supreme Court, Antoine argues that the filing of her motion for appointment of counsel tolled the running of the time period. She also argues that the district court should have ordered a reasonable time in which to file the formal complaint because only approximately one week remained in her thirty day filing period. Antoine then argues that her formal complaint was filed within that reasonable time.

[redacted] First, this Court notes that no request was made by counsel for additional time. We cannot fault the district court for not raising the issue on its own motion. Second, even if this Court were to apply the procedure from *Walgreen's Distribution Center*, the complaint still would be untimely. The district court in this case ruled on the motion for appointment of counsel within five days. If counsel would have been entitled to some additional reasonable time in which to file the complaint, it is doubtful that more than thirty days would have been allowed by the court because a plaintiff who immediately seeks counsel has only thirty days in which to file a complaint. *See Walgreen's Distribution Center*, 456 F.2d at 592.

Alternately, a court might follow the approach articulated in *Harris v. National Tea Co.*, 454 F.2d 307, 310 (7th Cir.1971), and allow tolling only for the number of days in which the district court held the motion under consideration. In this case, Antoine's complaint was untimely even if the five days that the district court took to grant Antoine's motion were added to the thirty day time period. This Court need not determine which of these two approaches is preferable because no matter which approach is applied, the filing of Antoine's formal complaint fifty-one days after appointment of counsel came too late.

[redacted] Finally, Antoine argues that the district court erroneously failed to find that the facts in the instant case justify the application of the doctrine of equitable tolling. The Postal Service asserts that equitable tolling is not available in a federal sector case.[6] This Court need not determine this issue at this time because even if equitable tolling is available in this case, Antoine has not demonstrated that the facts justify its application.

First, no facts indicate that Antoine received inadequate notice. *Brown*, 104 S.Ct. at 1725. Nor do the facts indicate that the Postal Service in any manner "lulled the plaintiff into inaction." *Id.* at 1726. Moreover, the court in this case did not lead Antoine to believe that she had done everything required of her. *Id.* Finally, as previously discussed, this is not a case "where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon...." *Id.* at 1725. *See Espinoza v. Missouri Pacific Railroad Co.*, 754 F.2d 1247 (5th Cir.1985). Antoine has simply failed to demonstrate that tolling is justified in this case.

## III. CONCLUSION

*Baldwin County Welcome Center v. Brown* applies retroactively to time-bar Antoine's civil action pursuant to 42 U.S.C. § 2000e–16(c). Antoine has failed to demonstrate equitable considerations sufficient to justify tolling the applicable limitations

6. *See Eastland v. Tennessee Valley Authority*, 553 F.2d 364, 368 (5th Cir.), *cert denied*, 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977) (holding that the 30 day civil action filing limitation for federal employees in 42 U.S.C. § 2000e–16(c) is a "jurisdictional requirement"). *But see Milam v. United States Postal Service*, 674 F.2d 860, 862 (11th Cir.1982); *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir.1984) (both holding that 42 U.S.C. § 2000e–16(c) is subject to equitable tolling in the same manner as the civil action filing requirement in private sector cases pursuant to 42 U.S.C. § 2000e–5(f)(1)). *Eastland* relied on a series of cases holding that the 90 day filing requirement in private sector cases was a jurisdictional requirement. Since then, this Court has held that the 90 day filing requirement for civil actions in private sector cases is not a jurisdictional requirement, but that it may be tolled. *See Chappell v. Emco Machine Works Co.*, 601 F.2d 1295, 1300–02 (5th Cir.1979); *Page v. U.S. Industries, Inc.*, 556 F.2d 346, 350–51 (5th Cir.1977), *cert. denied*, 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978). The Supreme Court may also have endorsed this view. *See Mohasco Corp. v. Silver*, 447 U.S. 807, 811 n. 9, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980); *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 592–93 n. 15 (5th Cir.1981). *See also Stuckett v. United States Postal Service*, — U.S. —, 105 S.Ct. 274, 83 L.Ed.2d 210 (1984) (Justice White dissenting from denial of petition for writ of certiorari, noting conflict among the circuits on this point). This Court, however, need not determine whether the holding of *Eastland* is still good law in this Circuit because even if tolling is available in a federal sector case, Antoine has not demonstrated equitable considerations justifying tolling in this case.

period in this case. Accordingly, the judgment of the district court dismissing Antoine's civil action is

AFFIRMED.