**Sherry LOWERY, Plaintiff,**

v.

**CARRIER CORPORATION, et al., Defendants.**

**No. 6:96 CV 726.**

United States District Court, E.D. Texas, Tyler Division.

Feb. 11, 1997.

Sherry Lowery, Tyler, TX, Daryl Lee Derryberry, Cooper Flowers & Derryberry, Tyler, TX, for Sherry Lowery/Arwood.

Stephen Cass Weiland, Jackson & Walker, Dallas, TX, for Carrier Corp.

### ORDER

JUSTICE, District Judge.

### I. *Background*

Sherry Lowery, the plaintiff in the above-entitled and numbered civil action, brings her suit against Carrier Corporation for violations of various civil rights statutes, including Title VII, 42 U.S.C. § 1981(a), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634. Carrier Corporation, the defendant, has filed a motion to dismiss the plaintiff's first amended complaint, pursuant to Fed.R.Civ.P. 12(b)(6). Carrier bases its motion on a provision of Title VII that requires a complainant to bring her lawsuit within ninety days after the Equal Employment Opportunity Commission ("EEOC") has issued a "right-to-sue" letter to the complainant. 42 U.S.C. § 2000e–5(f). Carrier alleges that Lowery failed to bring her lawsuit within the ninety-day period.

On September 29, 1995, the EEOC issued its right-to-sue letter to Lowery. The letter states as follows:

> Following dismissal, the charging party may only pursue this matter further by filing suit against the respondent(s) named in the charge in federal district court within 90 days of the effective date of dismissal. Therefore, if a suit is not filed within this 90 day period, the Charging Party's right to sue will be lost.

*Motion to Dismiss Due to Failure to Comply with 42 U.S.C. § 2000e–5(f)(1) and 42 U.S.C. § 2000e–5(e), Exhibit A.* Lowery does not provide the date on which she received the EEOC letter.

On October 23, 1995, twenty-four days after the EEOC letter was issued, Lowery filed this lawsuit. In addition to filing her lawsuit on this date, Lowery filed a motion to proceed *in forma pauperis* and a motion for appointment of counsel. A hearing was conducted on her motions on January 3, 1996. On May 30, 1996, United States Magistrate Judge Judith Guthrie issued a report recommending the denial of Lowery's motion. The undersigned adopted Judge Guthrie's recommendation in a July 18, 1996 order. On August 1, 1996, Lowery was ordered to pay a $120 filing fee by September 3, 1996, in order to proceed with her lawsuit. Lowery paid the fee on August 23, 1996. On this same date, summons was issued for the defendants. Lowery executed service on Carrier Corporation on October 14, 1996.

Carrier contends that the 90–day filing requirement of Title VII dictates that the plaintiff file an action with the court, pay the requisite filing fee, and serve the defendants within ninety days after receiving the EEOC's right-to-sue letter. Because the ninety-day period expired on December 28,

1995,[1] Carrier argues that Lowery's failure to file pay the filing fee or serve the defendants by this date mandates the dismissal of her Title VII action. Lowery, on the other hand, contends that a lawsuit is filed for purposes of the 90–day filing requirement of § 2000e–5(f) when it is filed with the court clerk, and that there is no requirement that the filing fee be paid and the defendant be served within this time period.

Carrier also seeks dismissal of the portions of Lowery's Title VII complaint relating to alleged discriminatory incidents occurring before March 29, 1993. As required by law, Lowery filed a charge of discrimination with the EEOC and the Texas Commission on Human Rights on January 24, 1994. Carrier contends that Title VII bars relief from all alleged discriminatory incidents occurring more than three hundred days prior to the filing of the charge, or in Lowery's case, March 29, 1993. Several of the incidents that the plaintiff included in both her complaint with the court and in her charge with the EEOC occurred prior to March 29, 1993. Carrier contends that these incidents were improperly included in the plaintiff's charge, and are therefore improperly included in the plaintiff's complaint. Lowery, on the other hand, argues that these incidents should not be dismissed because these incidents, together with the incidents occurring within three hundred days of the filing of her charge, constitute a continuing violation.

For the following reasons, it is found that the defendant's motion should be denied.

## II. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the court to dismiss a claim on the basis of dispositive law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). The motion to dismiss for failure to state a claim is viewed with disfavor, and is rarely granted. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983).

In reviewing a 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *O'Quinn v. Manuel*, 773 F.2d 605, 608 (5th Cir.1985). Rule 12(b)(6) does not countenance dismissals based on disbelief of a complaint's factual allegations. *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1832–33. However, "[c]onclusory allegations and unwarranted deductions of fact are not admitted as true." *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir.1974) (citing *Ward v. Hudnell*, 366 F.2d 247 (5th Cir.1966)).

## III. *Analysis*

### A. The Filing Requirement of § 2000e–5(f)(1)

Section 2000e–5(f)(1) provides in relevant part:

If a charge filed with the Commission pursuant to subsection (b) of this section[ ] is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and **within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved....**

42 U.S.C. § 2000e–5(f)(1) (1982) (emphasis added).

Carrier's motion to dismiss raises the issue of what actions are required in order for a plaintiff to "bring an action" in compliance

---

**1.** Because the record does not reflect the date that Lowery received her right-to-sue letter, the December 28, 1995 date is calculated by assuming, for purposes of this order, that Lowery received her letter on September 29, 1995, the same date the letter was sent to Lowery.

with § 2000(e)–5(f)(1). Carrier contends that a plaintiff must not only present a complaint to the district court clerk, but must also pay the requisite filing fee and issue service of process within the ninety-day time limit. Lowery, in contrast, contends that the plaintiff need only present a complaint to the district court clerk.

In *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 547 (5th Cir.1978), the United States Court of Appeals for the Fifth Circuit addressed this issue. In *Wrenn*, the plaintiff filed his EEOC right-to-sue letter in conjunction with a motion for appointment of counsel. The plaintiff, however, did not pay his filing fee within ninety days of receipt of his EEOC right-to-sue letter. The district court denied his motion for appointment on the same day it was filed. The court then ordered the plaintiff to file his filing fee within thirty days. Wrenn paid the filing fee thirty-nine days later, in violation of the court's order, causing the court to dismiss his complaint pursuant to Rule 41(b). The Fifth Circuit held that the district court erred in dismissing Wrenn's case because "significant authority holds ... that, in the special context of Title VII, the statutory requirement that an action be 'brought' within the time period is satisfied by presenting a right-to-sue letter to the court and requesting appointment of counsel." *Id.* at 546. Given Wrenn's compliance with the filing requirements of Title VII, Wrenn's failure to pay the fee was not "contumacious conduct" warranting dismissal. *Id.; see also Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 249 (5th Cir.1984).

■ The Supreme Court, since *Wrenn* was decided, has overruled the portion of the *Wrenn* opinion relating to filing an EEOC right-to-sue letter. A plaintiff is now required to file an actual complaint, in compliance with Fed.R.Civ.P. 8(a)(2), in order to "bring" an action under Title VII; filing a right-to-sue letter with the court is no longer

sufficient. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149–50, 104 S.Ct. 1723, 1724–25, 80 L.Ed.2d 196 (1984); *see also Firle v. Mississippi State Dept. of Educ.*, 762 F.2d 487, 488 (5th Cir.1985); *Antoine v. United States Postal Serv.*, 781 F.2d 433, 436 (5th Cir.1986). However, the portion of *Wrenn* relating to the payment of a filing fee was unaffected by *Brown*. Therefore, under Fifth Circuit precedent, delivering a complaint to the court for filing within ninety days of receipt of a right-to-sue-letter is all that is required for purposes of bringing an action under Title VII, as long as the complaint complies with the pleading requirements of Rule 8.

■ This limited filing requirement is in line with *Brown*, which defined "bringing" an action for purposes of Title VII as "commencing" an action for purposes of Rule 3. *Id.* at 438. Rule 3 states that "[a] civil action is commenced by filing a complaint with the court." Neither a filing fee nor service of process is required by Rule 3. As a result, neither is required to bring an action under Title VII. As long as a complaint is in the actual or constructive possession of the clerk, the complaint is considered "filed" for purposes of Rule 3 and Title VII.[2] *Pardazi v. Cullman Medical Center*, 896 F.2d 1313, 1316–18 (11th Cir.1990); *see also Rodgers v. Bowen*, 790 F.2d 1550, 1552 (11th Cir.1986) (holding that complaint is filed under Rule 3 when it is "in the actual or constructive possession of the clerk," and thus, failure to pay filing fee in a timely manner did not warrant dismissal of social security claim) (quoting *Leggett v. Strickland*, 640 F.2d 774, 776 (5th Cir.1981)); *Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 249 (5th Cir.1984) (plaintiff commenced action within Title VII statutory time limits notwithstanding his failure to pay the filing fee).

■ Even if a filing fee were required under Rule 3 and § 2000e–5(f)(1), as some

---

**2.** This is not to say that a plaintiff can withhold a filing fee indefinitely. The failure to pay a filing fee within a reasonable time or in bad faith may constitute an independent ground for dismissing a case. *See Jarrett v. US Sprint Communications Co.*, 22 F.3d 256, 260 (10th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 368, 130 L.Ed.2d 320 (1994).

There is no evidence in this case, however, that Lowery acted in bad faith or unreasonably delayed in paying her fee. Indeed, upon the denial of her *in forma pauperis* application, the court specifically ordered Lowery to pay the filing fee, and Lowery promptly complied with this order.

courts have so held,[3] dismissal of Lowery's complaint would remain unwarranted. Because the ninety-day filing limit is not jurisdictional in nature, it is subject to equitable tolling. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). One basis for equitable tolling for failure to pay a required filing fee is the filing of an *in forma pauperis* petition.[4] After tolling the ninety-day time limit for the period Lowery's motion for appointment of counsel and motion to proceed *in forma pauperis* were pending, Lowery's filing fee was due on September 22, 1996. Her payment of the fee on August 23, 1996 was therefore well within the statutory time limit of Title VII.

■ Notwithstanding the requirements of Rule 3, a party must still comply with the service requirements of Fed.R.Civ.P. 4(m). Rule 4(m) requires that a summons and complaint be served on the defendants within 120 days after the complaint is filed. Rule 4(m), however, is not intertwined with the filing requirements of 2000e–5(f)(1). *Pardazi,* 896 F.2d at 1315 (holding that "compliance with section 2000e–5(f)(1) is not dependent upon compliance with Rule 4(j)[5]"). Under Rule 4(m), if good cause is not shown for serving process within 120 days of filing, it is within the district court's discretion to dismiss the lawsuit without prejudice or direct that service be accomplished within a specified time. Fed.R.Civ.P. 4(m). Moreover, the 120–day requirement of Rule 4(m) should be tolled during the time a court considers a motion

for appointment of counsel or a motion to proceed *in forma pauperis. See Williams–Guice,* 45 F.3d at 162.[6] Only when such a motion is granted or denied does the clock resume its ticking. Lowery filed her complaint with the district court clerk on October 23, 1995, twenty-four days after the right-to-sue letter was sent. The complaint was filed in conjunction with a motion for appointment of counsel and a motion to proceed *in forma pauperis.* These motions were not ruled upon until July 18, 1996. Therefore, tolling the time these motions were pending before the court, Lowery was not required under Rule 4(m) to serve process until October 22, 1996. She served the defendants on October 14, 1996, and, as a result, complied with Rule 4(m).[7]

### B. Continuing Violation

Lowery alleges that her foreman at Carrier, Dan Key, began sexually harassing her in August 1992 by making unwelcome sexual remarks, sexual gestures, and sexual advances towards her, resulting in the creation of a hostile working environment. The sexual harassment continued through March 1993. Moreover, Lowery alleges that, beginning in April 1993, she was retaliated against for rejecting Key's sexual advances and reporting the sexual harassment to Carrier.

■ Carrier contends that those portions of Lowery's complaint relating to events occurring before March 29, 1993, must be dismissed. Carrier cites to Title VII, under

---

3. *See, e.g., Williams–Guice v. Board of Educ.,* 45 F.3d 161, 162 (7th Cir.1995).

4. *See Jarrett,* 22 F.3d at 259 (holding that the filing requirements of Title VII are tolled while an *in forma pauperis* petition is pending). See also *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1725–26, 80 L.Ed.2d 196 (1984), in which the Supreme Court upheld the dismissal of a Title VII claim on the ground that filing was untimely, and stated that "[t]his is not a case ... where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon...."

5. The 1993 amendments to the Federal Rules of Civil Procedure renumbered Rule 4(j) as Rule 4(m).

6. The Seventh Circuit considers that a complaint is not filed until after the filing fee is paid.

However, the 90–day time limit for filing a complaint is tolled during the time a judge considers an application for *in forma pauperis.* The 120–day period for serving process under Rule 4(m) does not begin to run until the complaint is filed, and thus does not begin to run until after the filing fee is paid. *Id.*

7. Because Lowery completed service of process within the 120–day time limit, it is not necessary to take up the issue of the "good cause" exception provided by Rule 4(m): whether additional extenuating facts exists which would warrant a brief extension of time for serving process on the defendants. *See, e.g., Jarrett v. US Sprint Communications, Co.,* 22 F.3d 256, 259 (10th Cir.) (holding that whether such facts exist should be decided on a case-by-case basis), *cert. denied,* —— U.S. ——, 115 S.Ct. 368, 130 L.Ed.2d 320 (1994).

which, before filing suit, a plaintiff must file a charge of discrimination in violation of Title VII with the EEOC within three hundred days "after the alleged unlawful employment practice occurred," in cases where the plaintiff has initially instituted proceedings with a state or local agency. 42 U.S.C. § 2000e-5(e). As discussed above, Lowery filed her charge with the EEOC on January 24, 1994. Therefore, under § 2000e-5(e), Carrier alleges that dismissal is required as to the incidents in Lowery's complaint occurring before March 29, 1993. Lowery, in rebuttal, argues that dismissal as to these acts is inappropriate, because they constitute a "continuing violation" of Title VII, and at least one incident of sexual harassment occurred after March 29, 1993.

■ Ordinarily, the failure to file a charge with the EEOC for incidents occurring outside of the statutory time limit of Title VII is a bar to bringing a suit for relief for those incidents. The Fifth Circuit, however, has recognized the continuing violation exception to Title VII, an equitable exception which arises "[w]here the unlawful employment practice manifests itself over time, rather than as a series of discrete acts." *Waltman v. International Paper Co.*, 875 F.2d 468, 474 (5th Cir.1989) (quoting *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 532 (5th Cir.1986)). Under the continuing violation exception, Lowery must establish that at least one incident of harassment occurred within the three hundred day period. In determining whether the incidents occurring prior to March 29, 1993 can be considered part of a continuing violation that includes at least one incident occurring after March 29, 1993, the factors to be considered include the following:

(1) whether the alleged acts involved the same type of discrimination;

(2) whether the alleged acts were recurring rather than isolated in nature; and

(3) whether the alleged acts had a degree of permanence which should have triggered Lowery's awareness and duty to assert her rights.

*Berry v. Board of Supervisors of Louisiana State University*, 715 F.2d 971 (5th Cir.1983), *Waltman*, 875 F.2d at 475. These are fact specific inquiries, and, for purposes of a 12(b)(6) motion to dismiss, Lowery's alleged facts must be accepted as true.

Based on the above factors, it is found that the alleged incidents of sexual harassment concerning unwelcome sexual remarks, sexual gestures, and sexual advances occurring both before March 29, 1993, and after March 29, 1993, were part of a continuing violation, so that Lowery is not barred from seeking relief from such incidents occurring prior to March 29, 1993. First, the alleged acts occurring outside and inside the statutory time limits of Title VII involved the same type of discrimination: specifically, sexual harassment resulting in a hostile working environment.

Second, the incidents of sexual harassment were of a recurring nature rather than isolated incidents. In reviewing this factor, the Fifth Circuit has directed courts to "review the pattern and frequency of the harassment and determine whether a reasonable person would feel that the environment was hostile throughout the period that formed the basis of the plaintiff's claim." *Id.* Lowery alleges that the specific incidents of harassment against her were ongoing. Further, she alleges that these incidents produced a continuous hostile environment throughout the period that forms the basis for her complaint.

■ Finally, it is found that the acts did not have the degree of permanence which should have triggered an awareness in Lowery of her duty to assert her rights. As the Fifth Circuit held in *Waltman*, "[a]cts of harassment that create an offensive or hostile environment generally do not have the same degree of permanence as, for example, the loss of promotion." *Id.* at 476. In *Waltman*, the Fifth Circuit found a continuing violation in a case where the alleged incidents of sexual harassment included the following: sexually explicit pictures and graffiti on the walls of Waltman's workplace, pornographic notes in her locker, used tampons hung from lockers, offensive groping of her buttocks, broadcasting of obscenities over her employer's public address system, and threats of sexual mutilation. Despite the outright egregious nature of these incidents,

the court found that there was a material issue of fact as to whether the alleged acts would have alerted Waltman that her rights had been violated. *Id.* As in *Waltman,* Lowery alleges that she was subjected to continuing acts of harassment that created a hostile environment. The harassment was dependent on a continuing intent to harass. Lowery realizing that she was being discriminated against does not necessarily support an inference that she should have been aware of her duty to file suit with the EEOC. Despite being subjected to numerous acts of discriminatory conduct, Lowery could have believed her situation would improve, that it was not of a permanent nature, and that she could avoid having to sue her employer. The only acts which have a degree of permanence were the acts of retaliation against Lowery for refusing Key's sexual advances and for reporting his discriminatory conduct. These acts, however, occurred within the statutory period. In summary, accepting Lowery's allegations as true for purposes of a 12(b)(6) motion to dismiss, it is found that her allegations are sufficient to state a claim for a continuing violation.

■ Moreover, even if the alleged actions occurring before March 29 do not constitute a continuing violation together with the post-March 29 actions, the earlier actions constitute relevant background evidence for Lowery's claims involving the post-March 29 actions. The Supreme Court has recognized that time-barred acts "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue," although they can create no present legal consequences. *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *see also Cortes v. Maxus Exploration Co.,* 977 F.2d 195, 199 (5th Cir. 1992); *Downey v. Southern Natural Gas Co.,* 649 F.2d 302, 305 (5th Cir.1981) ("While some or most of this evidence may concern time-barred conduct, it is relevant, . . . and may be used . . . to illuminate current practices which, viewed in isolation, may not indicate discriminatory motives.") (internal quotations omitted); *Fisher v. Procter & Gamble Mfg. Co.,* 613 F.2d 527, 540 (5th Cir.1980), *cert. denied,* 449 U.S. 1115, 101 S.Ct. 929, 66

L.Ed.2d 845 (1981) (time-barred acts ruled admissible to show current conduct).

## IV. *Conclusion*

Accordingly, it is **ADJUDGED** and **ORDERED** that the defendant's motion to dismiss shall be, and is hereby, **DENIED.**