866 F.2d 800
 49 Fair Empl.Prac.Cas. 319,
49 Empl. Prac. Dec. P 38,771
Abel H. HERNANDEZ, Plaintiff-Appellant,
v.
Edward C. ALDRIDGE, III, Secretary, Department of the Air
Force, Defendant- Appellee.
 No. 88-5603.
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 March 1, 1989.
 Abel H. Hernandez, San Antonio, pro se.
 Jack B. Moynihan, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., Le Roy Morgan Jahn, Asst. U.S. Atty., San Antonio, Tex., for defendant-appellee.
 Appeal from the United States District Court for the Western District of Texas.
 Before CLARK, Chief Judge, JOHNSON, and JOLLY, Circuit Judges.
 JOHNSON, Circuit Judge:
 
 
 1
 Plaintiff Abel Hernandez brought the instant suit alleging that he had been discriminated against by the Department of the Air Force after he received a letter of reprimand from the Air Force for falsifying official government documents. Ultimately, the district court dismissed Hernandez's discrimination complaint for lack of jurisdiction. Cognizant of the unequitable result which flows from our action today, we nevertheless are compelled by Circuit precedent to affirm the district court's dismissal of Hernandez's claim.
 
 I.
 
 2
 The facts of the instant case are straightforward and undisputed. On October 15, 1985, Hernandez filed an informal complaint of discrimination against the Air Force following his reprimand on October 10, 1985, for falsifying official government documents. Thereafter, Hernandez filed a formal complaint of discrimination on October 30, 1985. Hernandez subsequently pursued his administrative remedies and, on February 16, 1988, the Equal Employment Opportunity Commission (EEOC) issued a final decision concluding that the Air Force had demonstrated legitimate nondiscriminatory reasons for reprimanding Hernandez. Hernandez then received notice of the final decision of the EEOC and his right-to-sue letter on February 18, 1988.
 
 
 3
 Thereafter, on March 10, 1988, Hernandez submitted his civil complaint alleging discrimination to the United States District Court Clerk which the District Clerk marked "received." However, though the complaint was submitted to the Clerk, the Clerk only marked it "received" and the complaint was not actually filed at that time. At the same time that Hernandez submitted his complaint to the District Clerk's Office, Hernandez also filed a motion to proceed in forma pauperis and a motion for appointment of counsel. The above motions were referred to a United States Magistrate who, on March 29, 1988, granted Hernandez's request to proceed in forma pauperis but later denied Hernandez's motion for appointed counsel. On the day Hernandez's motion to proceed in forma pauperis was granted, March 29, 1988,[1] the District Clerk filed Hernandez's complaint, forty days after Hernandez received notice of the final decision of the EEOC and his right-to-sue letter. Thereafter, in response to the Government's motion to dismiss Hernandez's claim pursuant to Fed.R.Civ.P. 12(b)(1), the district court dismissed Hernandez's complaint for lack of jurisdiction since Hernandez did not timely file his federal complaint within thirty days of his receipt of notice of the EEOC's final decision and his right-to-sue letter.
 
 II.
 
 4
 Pursuant to 42 U.S.C. Sec. 2000e-16(c), a federal government employee is afforded thirty days from the receipt of notice of the EEOC's final decision to file a Title VII employment discrimination suit in federal district court. In the instant case, Hernandez received notice of the EEOC's final decision and his right-to-sue letter on February 18, 1988; therefore, Hernandez had until approximately March 18, 1988, to file his discrimination suit in federal district court. As previously noted, however, Hernandez's civil complaint was not filed in federal district court until March 29, 1988, the date the magistrate granted Hernandez's motion to proceed in forma pauperis.
 
 
 5
 There is currently a divergence of authority among the courts of appeals on whether the thirty day limitation period contained in 42 U.S.C. Sec. 2000e-16(c) is a jurisdictional limitation or whether the limitation is more akin to a statute of limitations and therefore subject to waiver, estoppel, and equitable tolling. See Martinez v. Orr, 738 F.2d 1107, 1110 (10th Cir.1984); Milam v. United States Postal Service, 674 F.2d 860, 862 (11th Cir.1982); Saltz v. Lehman, 672 F.2d 207, 208 (D.C.Cir.1982) (concluding that the thirty day limitation period in 42 U.S.C. Sec. 2000e-16(c) is subject to equitable tolling). But see Sims v. Heckler, 725 F.2d 1143, 1145-46 (7th Cir.1984); Rice v. Hamilton Air Force Base Commissary, 720 F.2d 1082, 1083 (9th Cir.1983) (both concluding that the thirty day filing requirement is of jurisdictional weight). In Stuckett v. United States Postal Service, 469 U.S. 898, 105 S.Ct. 274, 83 L.Ed.2d 210 (1984), Justice White, joined by Justice Rehnquist, dissented from the Court's denial of a petition for writ of certiorari in that case after recognizing the differing pronouncements on this issue among the Circuits. In his dissent, Justice White noted that the Supreme Court had recently resolved the conflict among the Circuits regarding the jurisdictional significance of the ninety day limitation for private sector discrimination cases in Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), and concluded that the Supreme Court should similarly address the thirty day limitation applicable to federal employees. Id., 105 S.Ct. at 274-75.
 
 
 6
 This Circuit, in Eastland v. Tennessee Valley Authority, 553 F.2d 364, 368 (5th Cir.), cert. denied, 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977), held that the thirty day civil action filing limitation for federal employees is a jurisdictional requirement; however, the above ruling in Eastland was later called into question by this Court in Antoine v. United States Postal Service, 781 F.2d 433, 439 n. 6 (5th Cir.1986). Specifically, the Antoine Court questioned the validity of the Eastland ruling due to the fact that the Eastland decision relied heavily on a series of cases holding that the ninety day filing requirement in private sector discrimination cases pursuant to 42 U.S.C. Sec. 2000e-5(f)(1) was a jurisdictional requirement. The Antoine Court then noted that, subsequent to the Eastland decision, this Court, as well as the Supreme Court in Zipes, concluded that the ninety day filing requirement for civil actions in private sector cases was in fact not jurisdictional in nature; thus, the Court in Antoine called into question the validity of the Eastland rule. Id. Since the Antoine decision, however, this Court has definitively concluded that the thirty day filing requirement contained in section 2000e-16(c) is a jurisdictional requirement which is not subject to equitable tolling or equitable estoppel. See Bell v. Veterans Administration Hospital, 826 F.2d 357, 360-61 (5th Cir.1987); Brown v. Department of Army, 854 F.2d 77, 78 n. 1 (5th Cir.1988). Therefore, bound by the law of this Circuit, we are constrained to affirm the district court's dismissal of Hernandez's complaint for failure to timely file his complaint in federal district court.
 
 
 7
 In doing so, however, it should be noted that if ever there was a case which the principles of equity would dictate should be reversed, this is such a case as Hernandez does not appear to have been negligent or even dilatory in any manner in pursuing his Title VII claim in federal district court. By contrast, in Bell v. Veterans Administration, the plaintiff Bell named and sued the wrong party in his federal complaint. Therefore, despite the fact that the district court personnel assured Bell that they would effect service of his complaint, equity did not compel a result in that case which would effectively hold the District Clerk's Office culpable for results that arise when a plaintiff sues the wrong party. Similarly, in Brown v. Department of Army, the plaintiff Brown named the wrong defendants in his federal complaint. In the instant case, however, Hernandez, a pro se plaintiff, submitted his civil complaint containing allegations of discrimination to the United States District Clerk on March 10, 1988, well within the thirty day filing limitation contained in section 2000e-16(c). Further, it was on the exact day that Hernandez's motion to proceed in forma pauperis was granted by the magistrate that Hernandez's civil complaint was technically "filed" by the Federal District Court Clerk. Certainly, the District Clerk's actions can be construed as "lulling" Hernandez into inaction and leading Hernandez into believing that he had done everything required to initiate a timely complaint in federal court. See Antoine, 781 F.2d at 439.
 
 
 8
 As noted by the Tenth Circuit in Martinez v. Orr,
 
 
 9
 Section 2000e-16 was added to the Act in 1972 in order to correct the 'entrenched discrimination in the Federal service' and to insure 'the effective application of uniform, fair and strongly enforced policies.' The legislative history of the amendment indicates that in extending the coverage of Title VII to federal employees, Congress intended to give them essentially the same rights and remedies as had been provided employees in the private sector. In view of the principle that Title VII 'is a remedial statute to be liberally construed in favor of victims of discrimination,' we conclude that the thirty-day time limitation of section 2000e-16(c) is not jurisdictional and may be subject to equitable tolling in appropriate cases.
 
 
 10
 738 F.2d at 1110 (citations and footnotes omitted). Despite these compelling arguments for concluding that the thirty day filing requirement in section 2000e-16(c) is not a jurisdictional prerequisite, we are compelled by Circuit precedent to affirm the district court in the instant case. Perhaps, however, the time has come for this Court to consider anew its decisions in this area so as to avoid inequitable results such as the one suffered by Hernandez in the instant case.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This date, March 29, 1988, is incorrectly referred to in the district court's opinion as May 29, 1988