**Georgia WILLIAMS–SCAIFE, On behalf of Herself and All Others Similarly Situated, Plaintiff–Appellant,**

v.

**DEPARTMENT OF DEFENSE DEPENDENT SCHOOLS; Office of Dependent Schools; Dept. of Defense; Lawrence Korg; Robert Ferguson; Chapman B. Cox, Defendants–Appellees.**

No. 88–5576.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 1989.

Submission Vacated April 30, 1990.

Resubmitted Dec. 3, 1990.

Decided Feb. 6, 1991.

Gleam O. Davis, Mitchell, Silberberg & Knupp, Los Angeles, Cal., for plaintiff-appellant.

Frederick M. Brosio, Jr., Asst. U.S. Atty., Ian Fan, Asst. U.S. Atty., Los Angeles, Cal., for defendants-appellees.

Before BROWNING, BOOCHEVER and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge:

Georgia Williams–Scaife appeals the district court's summary dismissal of her employment discrimination claim against the Department of Defense (DOD) for failure to name as a defendant, or serve notice on, the Secretary of Defense within the limitation period. In light of the United States Supreme Court decision in *Irwin v. Veteran's Administration*, —— U.S. ——, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), we reverse and remand. Under *Irwin*, the district court may toll the statute of limitations requirement of 42 U.S.C. section 2000e–16(c) for equitable reasons in appropriate cases. Upon remand the district court shall determine whether the facts warrant such tolling here.

## I. FACTS AND PROCEDURAL HISTORY

### A. Lower Court Proceedings

Williams–Scaife petitioned the Equal Employment Opportunity Commission (EEOC)

for review of her claims against the Department of Defense Dependent Schools (DODDS) for employment discrimination based on race, color, sex, handicap and reprisal, in violation of Title VII of the Civil Rights Acts of 1964, as amended, and the Rehabilitation Act of 1973, as amended. On April 14, 1987, she received from the EEOC its decision denying her claims and a letter informing her of the right to sue.

By letter dated April 17, 1987, Williams–Scaife informed the district court of her intention to file a civil action against an Assistant Secretary of Defense and requested appointment of counsel on the ground that she was permanently residing in Germany. In her letter she wrote that she had attached the EEOC's decision dismissing her claims. She states that approximately two weeks later she received from the court a letter (not included in the clerk's record) stating that her request was not in the proper format and a copy of the district court rules. She then contacted the attorney who had represented her in administrative proceedings and wrote to the Urban League, the NAACP, and the California State Bar.

Unable to find a lawyer she could afford, she filed a complaint pro se on May 14, 1987. She named as defendants the DOD, DODDS, another DOD sub-agency, and three individuals. She did not name the Secretary of Defense. She served the complaint on the United States Attorney on July 27, 1987. On September 23, 1987, the defendants moved to dismiss the complaint for failure to name as a defendant, or to give timely notice to, the Secretary of Defense.

On November 25, 1987, the district court reluctantly dismissed the action without leave to amend. In so doing, the district judge stated that he would have tolled the limitations period and allowed Williams–Scaife to amend her complaint if he had discretion to do so, but that controlling Ninth Circuit authority deprived him of that discretion. Williams–Scaife timely appealed.[1]

### B. Appellate Court Proceedings

On appeal, this panel requested the parties to brief the issue of whether the full court should consider this case en banc in order to overrule our prior decisions holding that equitable tolling, while applicable to private suits, could not be invoked in actions brought by public employees in the absence of further express congressional authorization.[2] On almost the same day the briefs were received, the U.S. Supreme Court granted certiorari to the Fifth Circuit in *Irwin v. Veteran's Administration*, —— U.S. ——, 110 S.Ct. 1109, 107 L.Ed.2d 1017 (1990). *Irwin* raised the same general tolling issue presented by Williams–Scaife. Accordingly, we vacated submission of this case pending the Supreme Court's disposition of *Irwin*.

### II. ANALYSIS

In *Irwin v. Veteran's Administration*, the Supreme Court rejected the view espoused by the Ninth Circuit in *Cooper v. U.S. Postal Service*, 740 F.2d 714 (9th Cir. 1984), *cert. denied*, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985), a view which had already been rejected by seven other circuits.[3] Chief Justice Rehnquist, writing

---

1. Following the receipt of briefs the court appointed counsel for Williams–Scaife.

2. Section 2000e–16(c) applies to actions brought by federal employees. The limitations period specified in 42 U.S.C. section 2000e–5 governs actions brought by private sector employees.

3. On the basis of *Zipes v. Trans World Airlines*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982), the Third, Fourth, Sixth, Eighth, Tenth and Eleventh Circuits held that Title VII's time limitations applying to federal employees are not jurisdictional. *Warren v. Department of Army*, 867 F.2d 1156, 1159 (8th Cir.1989); *Mondy v. Secretary of the Army*, 845 F.2d 1051, 1057 (D.C.Cir.1988); *Boddy v. Dean*, 821 F.2d 346, 350 (6th Cir.1987); *Ross v. United States Postal Service*, 814 F.2d 616, 617 (11th Cir.1987); *Hornsby v. United States Postal Serv.*, 787 F.2d 87, 89 (3rd Cir.1986); *Zografov v. V.A. Medical Center*, 779 F.2d 967, 969 (4th Cir.1985); *Martinez v. Orr*, 738 F.2d 1107, 1110–12 (10th Cir.1984).

Although the Seventh Circuit concluded that section 2000e–16(c) is jurisdictional, it has nonetheless permitted tolling of the period. *Paulk v. Department of the Air Force*, 830 F.2d 79, 83 (7th Cir.1987). Thus, only the Fifth Circuit em-

for the Court, held that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." —— U.S. at ——, 111 S.Ct. at 457. The Court noted that federal courts have allowed equitable tolling in situations in which the claimant diligently sought judicial relief by filing a defective pleading during the statutory period, as well as in cases in which the complainant had been induced by his adversary to allow the filing deadline to pass. *Id.*

*Irwin* overrules our *Cooper* line of cases.[4] Happily, it enables our court to allow equitable tolling and to conform its approach to that of the other circuits. The district court dismissed Williams–Scaife's action because it recognized that it was bound to follow the harsh rule promulgated in *Cooper* and its progeny. In doing so, it made clear, by way of dicta, its view that equitable tolling of the 30–day filing requirement of section 2000e–16(c) is warranted here. Nevertheless, we now leave the initial determination of that question to the district court.[5]

### III. CONCLUSION

We are pleased to recognize, albeit belatedly, that equitable tolling is applicable in employment discrimination cases filed by federal employees. We leave to the district court the actual decision whether to toll the filing deadline in the present case. We therefore reverse the district court judgment and remand for a determination of whether appellant's failure to file in a timely manner should be excused for equitable

braced the "harsh" view which *Cooper v. U.S. Postal Serv.*, 740 F.2d 714 (9th Cir.1984), adopted for this circuit. However, even the Fifth Circuit suggested that reconsideration of its circuit precedent would be appropriate in light of the rule's inequitable results. *Hernandez v. Aldridge*, 866 F.2d 800, 802–03 (5th Cir. 1989).

4. Other Ninth Circuit panels, bound by our rules, followed *Cooper. See, e.g., Lubniewski v. Lehman*, 891 F.2d 216, 218–20 (9th Cir.1989); *Johnston v. Horne*, 875 F.2d 1415, 1418–19 (9th

reasons, and for such other proceedings as may be appropriate.

REVERSED and REMANDED.

Cir.1989); *Hymen v. Merit Systems Protection Board*, 799 F.2d 1421, 1422 (9th Cir.1986), *cert. denied*, 481 U.S. 1019, 107 S.Ct. 1900, 95 L.Ed.2d 506 (1987); *Koucky v. Department of Navy*, 820 F.2d 300, 302 (9th Cir.1987); *Lofton v. Heckler*, 781 F.2d 1390, 1392 (9th Cir.1986).

5. By our action we imply no disagreement with the views expressed by the district court; its comments below were most judicious and thoughtful in every respect. Nevertheless, it is now the district court's function to apply *Irwin* to the facts of the pending case.