5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Eric A. CLARK, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, Defendant-Appellee.
 No. 92-15887.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 1, 1993.
 
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Former United States Postal Service employee Eric A. Clark appeals pro se the district court's grant of summary judgment in favor of the Postmaster General in Clark's action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-16. Clark alleged that the Postal Service discriminated against him because of his race (African-American) by improperly placing him on off-duty status for 5.5 hours; failing to take appropriate action after an unknown person scribbled "KKK" on Clark's work calendar; suspending Clark for eight days following an altercation with a postal patron; allowing a co-worker to throw coffee on him; failing to inform him that he had received a letter of commendation from a customer; and delaying response to one of Clark's suggestions. Clark contends that the district court erred by granting the Postal Service's motion for summary judgment on the grounds that the first two claims are barred for failure to file a timely formal administrative claim, the claim involving the suspension is moot, and the three remaining allegations fail to state a claim on which relief may be granted. Clark also contends that the district court erred by denying his motion for appointment of counsel. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * Clark's Title VII Claims
 
 
 4
 We review de novo a district court's grant of summary judgment, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 5
 A. Placement on off-duty status for 5.5 hours and the writing of "KKK" on Clark's work calandar
 
 
 6
 We review de novo the district court's ruling on whether Clark's claims are barred for failure timely to exhaust his administrative remedies. Vinieratos v. United States Dept. of the Air Force, 939 F.2d 762, 767 (9th Cir.1991).
 
 
 7
 Federal employees must timely exhaust their administrative remedies before initiating a lawsuit alleging employment discrimination against the government. 42 U.S.C. Sec. 2000e-16; Irwin v. Veterans Admin., 498 U.S. 89, 92 (1990); Vinieratos, 939 F.2d at 768. The administrative time limits prescribed by the regulations implementing 42 U.S.C. Sec. 2000e-16 are equivalent to statutes of limitations and are subject to equitable tolling, Irwin, 498 U.S. at 93; Williams-Scaife v. Department of Defense Dependent Schools, 925 F.2d 346, 348 (9th Cir.1991); see also Boyd v. Postal Service, 752 F.2d 410, 414 (9th Cir.1985) (Title VII administrative time limits subject to waiver, estoppel and equitable tolling).
 
 
 8
 A federal employee must meet three deadlines in order to pursue a civil action in the district court. First, the employee must inform the employing agency that an allegedly discriminatory action occurred within 30 days of the date of that action or of the date the employee knew or reasonably should have known of the discriminatory action. 29 C.F.R. Sec. 1613.214(a)(1)(i). Second, the employee or the employee's designated representative must file a formal written complaint within 15 days of receiving a "notice of final interview" informing the employee that the claim was not resolved in the counseling stage, and that the employee may file a formal complaint. 29 C.F.R. Sec. 1613.214(a)(1)(ii). Third, an employee has 30 days from the date of receipt of notice of the agency's final decision, or 180 days from the date of filing the complaint if there has been no agency decision within that time, to file a civil action in the district court. 29 C.F.R. Sec. 1613.281. Receipt by the claimant's designated representative is the effective date of receipt of an Equal Employment Opportunity Commission ("EEOC") notification letter. Irwin, 498 U.S. at 93.
 
 
 9
 Clark failed to file his formal complaint within 15 days of receipt of the notice of final interview. The Postal Service sent copies of the notice of final interview to Clark and to his designated EEO representative, Tom Zoz, on October 13, 1989. Mr. Zoz received his copy on October 17. Clark did not retrieve his own copy of the notice of the final interview from his post office box until November 7, 1989, and he filed a formal complaint on November 15, 1989. Thus, the complaint was untimely.
 
 
 10
 Clark concedes that his complaint was untimely but contends that the notice of final interview was defective. The record is devoid of any evidence that supports this claim. The notice of final interview clearly stated that Clark had fifteen days from receipt of notice to file a complaint. The Postal Service sent it to Clark's designated representative, at the address indicated on the two informal complaints, and his representative received it on October 17. Clark offered no explanation of why he did not pick up his own copy of the notice of final interview from his post office box until 21 days after his representative received his copy, or any evidence that would support a claim that the time limit should be equitably tolled. See id. at 96 (principles of equitable tolling in Title VII action against government do not extend to "a garden variety claim of excusable neglect."). Clark's filing period began on the date his representative received notice and ended fifteen days later, prior to his filing the instant complaint. See id. at 93. Furthermore, the Postal Service's acceptance and investigation of the complaint did not constitute a waiver of its objection to Clark's failure to comply with the filing time limit. See Boyd, 752 F.2d at 414. Accordingly, the district court did not err by ruling that Clark's claims concerning the 5.5 hours of off-duty status and the "KKK" incident are time-barred.
 
 B. Eight-day suspension
 
 11
 We review de novo the district court's determination that Clark's claim based on his eight-day suspension was moot. See Equal Opportunity Employment Comm'n v. Hacienda Hotel, 881 F.2d 1504, 1519 (9th Cir.1989). A claim is moot if the issues are no longer live or the parties lack a legally cognizable interest in the outcome. Id. Settlement of a claim through a grievance procedure or arbitration does not preclude an employee from establishing a Title VII claim based on the same events, but a grievant's acceptance of an arbitration award is prima facie evidence that he has received full compensation for his individual damages, and he has the burden of proving that what he has received was not a complete settlement of his claim for damages. Oubichon v. North American Rockwell Corp., 482 F.2d 569, 574 (9th Cir.1973).
 
 
 12
 Clark was suspended for eight days pending investigation of an altercation with a postal customer on Clark's delivery route. Pursuant to a settlement agreement achieved through the collective bargaining grievance procedure, he received eight days' back pay to compensate him for the suspension. Subsequently, an EEOC administrative law judge determined that Clark's allegation of discrimination in connection with that suspension was unsupported. Because Clark had received full compensation for the suspension, and presented no argument or evidence suggesting that the settlement was not a complete settlement of his claim or was not based on the full range of issues cognizable under Title VII, the district court did not err by determining that the claim based on Clark's eight-day suspension was moot. See id.
 
 
 13
 C. The coffee incident, delayed response to suggestion, and commendation letter
 
 
 14
 Clark contends that the following incidents violated his rights under Title VII: a co-worker threw coffee at him; the Postal Service delayed in responding to one of his suggestions; and the Postal Service failed to discuss with him a customer's letter of commendation. We review de novo the district court's determination that Clark's allegations concerning these three incidents failed to state a claim under Title VII. Kruso, 872 F.2d at 1421.
 
 
 15
 An employee may show violations of Title VII by proving disparate treatment, a hostile work environment, or retaliation for protected activities. Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109-10 (9th Cir.1991); see also Patterson v. McLean Credit Union, 491 U.S. 164, 180 (1989) (racial harrassment in course of employment is actionable under Title VII) (superseded on other grounds, Civil Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1071 (1991)). The plaintiff bears the initial burden of establishing a prima facie case of disparate treatment based on race, religion, national origin, sex or age by introducing evidence that gives rise to an inference of unlawful discrimination. Sischo-Nownejad, 934 F.2d at 1109-10. The plaintiff may meet this burden by demonstrating that (1) he is a member of a protected class, (2) he was performing his job in a satisfactory manner, (3) he suffered an adverse employment decision, and (4) he was treated differently than similarly situated persons outside his protected class. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Sischo-Nownejad, 934 F.2d at 1109. To state a claim based on a hostile work environment, the plaintiff must show that there has been severe or pervasive and unwelcome verbal or physical harassment because of the plaintiff's membership in a protected class. Sischo-Nownejad, 934 F.2d at 1109; see also Garcia v. Spun Steak Co., No. 91-16733, slip op. at 7540 (9th Cir. July 16, 1993). To establish a prima facie case of retaliation, a plaintiff must demonstrate that (1) he engaged in protected activity, (2) he suffered an adverse personnel action, and (3) there was a causal link between the two. Jordan v. Clark, 847 F.2d 1368, 1376 (9th Cir.1988); Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir.1987).
 
 
 16
 Clark conceded that the coffee was not thrown because of his race and that a supervisor investigated the incident. He presented no evidence suggesting that race was a factor in the other two incidents, or that similarly situated employees outside his class were treated differently. Furthermore, none of the three incidents constituted adverse employment decisions. Accordingly, Clark failed to establish a prima facie case of discrimination based on either disparate treatment or retaliation for protected activity. See Sischo-Nownejad, 934 F.2d at 1109-10; Yartzoff, 809 F.2d at 1375. Because there was no evidence that race was a factor in the three incidents, and because the alleged actions do not rise to the level of severe or pervasive harassment, Clark's allegations also failed to state a claim based on a hostile work environment. See Garcia, slip op. at 7540-41. Accordingly, the district court did not err by ruling that Clark's allegations concerning the coffee incident, the delay in responding to his suggestion, and the letter of commendation failed to state a claim under Title VII. See id.; Sischo-Nownejad, 934 F.2d at 1109-10.
 
 D. Failure to hold a hearing
 
 17
 Clark also contends that the district court erred by granting summary judgment without holding an adequate evidentiary hearing.
 
 
 18
 Litigants are entitled to notice and an opportunity to respond to a summary judgment motion. Fed.R.Civ.P. 56(c), Garaux v. Pulley, 739 F.2d 437, 439 (9th Cir.1984). Clark filed an opposition to the Postal Service's motion for summary judgment and a cross-motion for summary judgment. The district court held argument on the motions. Thus, Clark had the notice and opportunity to respond to which he was entitled. See Fed.R.Civ.P. 56, Garaux, 739 F.2d at 439.
 
 II
 Appointment of Counsel
 
 19
 Clark contends that the district court erred by denying his motion for appointment of counsel. We review the district court's decision not to appoint counsel for abuse of discretion. Miles v. Department of the Army, 881 F.2d 777, 780 (9th Cir.1989).
 
 
 20
 Title VII provides the district court with discretion to appoint counsel to plaintiffs "in such circumstances as the court may deem just." 42 U.S.C. Sec. 2000e-5(f)(1). When deciding whether to appoint counsel, the district court must consider the plaintiff's financial resources, his efforts to secure counsel on his own, and the merits of his claim. Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301, 1318 (9th Cir.1981). Because Clark's claims lacked merit or were time-barred, the district court did not abuse its discretion by denying his motion for appointment of counsel. See id.[1]
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant's motion to file a reply brief not in conformance with 9th Cir.Rule 28-1 and an addendum is denied. Appellee's motion to strike portions of the appellant's reply brief and addendum is denied as moot. Appellant's motion for transmission of the EEOC record is denied as unnecessary; this court has reviewed the district court record, which includes a transcript of the EEOC administrative proceedings